UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| In Re:<br><br>DISPOSABLE CONTACT LENS ANTITRUST LITIGATION | Case No. 3:15-md-2626-HES-LLL<br><br>Judge Harvey E. Schlesinger<br>Magistrate Judge Laura Lothman Lambert |
|---|---|
| THIS DOCUMENT RELATES TO:<br>All Class Actions | |

FINAL APPROVAL ORDER OF SETTLEMENT AND FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH PREJUDICE AS TO
ALCON VISION, LLC AND JOHNSON & JOHNSON VISION CARE, INC.

Regarding the pending Action[1] before this Court:

Plaintiffs[2] have entered into and executed a Stipulation and Agreement of Settlements ("Settlement Agreements") with Alcon Vision, LLC ("Alcon") and Johnson & Johnson Vision Care, Inc. ("JJVCI," and together with Plaintiffs, the "Settling Parties"), which, if finally approved by the Court, will result in the settlement of all claims against Defendants and bring the Action to an end;[3]

---

[1] As defined in the Settlement Agreements, the "Action" means the above-captioned litigation pending in the United States District Court for the Middle District of Florida, Jacksonville Division, and any other actions that may be transferred or consolidated into this litigation.

[2] As defined in the Settlement Agreements, "Plaintiffs" are Rachel Berg, Miriam Pardoll, Jennifer Sineni, Elyse Ulino, Susan Gordon, Cora Beth Smith, Brett Watson, Tamara O'Brien, Sheryl Marean, Catherine Dingle, Amanda Cunha, Alexis Ito, Kathleen Schirf, John Machikawa, and Joseph Felson. Pamela Mazzarella was a plaintiff in the CooperVision, Inc. ("CVI") settlement, but not the Bausch & Lomb Inc. ("B&L") or ABB Optical Group, LLC ("ABB") settlements because she withdrew as a named class representative; however, she continues to be a member of the Settlement Classes.

[3] Alcon Vision, LLC vs. Lens.com, C.A. No. 1:18-407, was filed in the Eastern District of New York. The case is a trademark infringement action against discount retailer Lens.com, a "gray market" purchaser, which allegedly bought certain Alcon products overseas and sold them in the United States. Defendant Lens.com brought several counterclaims that generally (1) refute Alcon's accusation of trademark infringement and suggest instead that changes Alcon made to products exclusively sold in the U.S. were pretextual changes aimed at eliminating gray market competitors, (2) challenge Alcon's proposed exclusive-dealing arrangements and its alleged attempts to tie the sale of products it exclusively sells in the U.S. to an agreement that Lens.com purchase all Alcon products at its U.S. prices, and (3) connect Alcon's filing of the trademark action against Lens.com to its alleged prior efforts to prevent resellers from distributing Alcon products to the detriment of eye care professionals. Two of Lens.com's claims relate to the universal pricing policies (UPPs) at issue in MDL No. 2626. These two UPP-related counterclaims were transferred to this Court. The two counterclaims, Alcon Vision, LLC v. Lens.com, case number 19-cv-706, remain pending before this Court and the claims are not

In full and final settlement of the claims asserted against Alcon in this Action, Alcon agreed to pay the amount of $20,000,000 (twenty million dollars) as set forth in the Alcon Settlement Agreement;

In full and final settlement of the claims asserted against JJVCI in this Action, JJVCI agreed to pay the amount of $55,000,000 (fifty-five million dollars) as set forth in the JJVCI Settlement Agreement;

Plaintiffs, having made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order granting final approval of the Settlement Agreements, which sets forth the terms and conditions of the Settlement of the Action against Alcon and JJVCI and for dismissal of the Action against Alcon and JJVCI with prejudice upon the terms and conditions set forth in the Settlement Agreements;

The Court has previously certified litigation classes pursuant to Federal Rule of Civil Procedure 23 (Doc. 940);

The Court has appointed Scott+Scott Attorneys at Law LLP, Hausfeld LLP, and Robins Kaplan, LLP ("Lead Counsel") as class counsel (*id.*);

The Court has appointed Rachel Berg, Miriam Pardoll, Jennifer Sineni, Elyse Ulino, Susan Gordon, Cora Beth Smith, Brett Watson, Tamara O'Brien, Sheryl Marean, Catherine Dingle, Amanda Cunha, Alexis Ito, Kathleen Schirf, John Machikawa, and Joseph Felson as class representatives (*id.*);

---

dismissed by this Order. Final briefing on dispositive motions is due September 13, 2023 (Doc. 1345). The Parties have stipulated that ten days after the Court's ruling on all dispositive motions, this matter shall be remanded to the United States District Court for the Eastern District of New York for any trial (Doc. 1344).

The Settling Parties have agreed to the entry of this Final Approval Order of Settlement and Final Judgment and Order of Dismissal with Prejudice as to Alcon and JJVCI;

"Released Parties" has the same meaning as set forth in the Settlement Agreements;

By Order dated May 9, 2022 (the "Preliminary Approval Order") this Court: (a) preliminarily approved the Settlement Agreements with Alcon and JJVCI; (b) preliminarily certified those Settlement Classes; (c) ordered that notice of the Settlement Agreements be provided to potential members of the Settlement Classes; (d) provided members of the Settlement Classes with the opportunity either to exclude themselves from the Settlement Classes or to object to the proposed Settlement Agreements; (e) provided members of the Settlement Classes with the opportunity to object to the Application for Attorneys' Fees and Reimbursement of Costs, and (f) designated Scott+Scott Attorneys at Law LLP, Hausfeld LLP, and Robins Kaplan, LLP as settlement class counsel for the Settlement Classes ("Class Counsel") and Plaintiffs as class representatives of the Settlement Classes.

By Notice dated July 26, 2022, this Court scheduled a hearing regarding final approval of the Alcon and JJVCI Settlements and Application for Attorneys' Fees and Costs on October 12, 2022 at 9:30 AM at Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida, Courtroom 10C;

Due and adequate notice has been given to the Settlement Classes;

3

Pursuant to the Preliminary Approval Order, Escrow Accounts were established;

Pursuant to the Alcon Settlement Agreement, Alcon deposited $20,000,000 into an Escrow Account;

Pursuant to the JJVCI Settlement Agreement, JJVCI deposited $55,000,000 into an Escrow Account;

The 90-day period provided by the Class Action Fairness Act, 28 U.S.C. §1715(d), has expired;

The August 22, 2022 deadline to file claims, object, or opt out of the Settlement has now passed and no objections were received and neither Epiq nor Class Counsel is otherwise aware of any objections;

The Claims Administrator received some claims after the August 22, 2022 deadline and Class Counsel have requested that the tardy claims be allowed so long as they were otherwise valid and were received by the Claims Administrator on or before September 19, 2022; and

The Court conducted a hearing on October 12, 2022 (the "Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement Agreements are fair, reasonable, and adequate to the Settlement Classes, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Alcon and JJVCI; and

The Court has read and considered the Settlement Agreements and the exhibits annexed thereto and other documents submitted in connection with the Final

Approval Order of Settlement and Final Judgment and Order of Dismissal with Prejudice as to Alcon and JJVCI, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreements, unless otherwise noted or defined herein.

2. **Jurisdiction** – This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement Agreements, as well as personal jurisdiction over all Parties and each of the Settlement Class Members with respect to such matters.

3. **CAFA Notice** – The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

4. **Incorporation of Settlement Documents** – This Final Order and Judgment incorporates and makes a part hereof: (a) the Settlement Agreements; and (b) the Mail Notice, Claim Form, and Publication Notice, which were each approved by the Court in the Preliminary Approval Order.

5. **Separate Settlement Funds** – The $20,000,000 Settlement Amount pursuant to the Alcon Settlement and the $55,000,000 Settlement Amount pursuant to the JJVCI Settlement shall be maintained in separate funds from each other and the previous settlements with the other defendants.

6. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a)

5

and 23(b)(3) of the Federal Rules of Civil Procedure, and based on the record before the Court, including the submissions in support of the settlement and objections and responses thereto, the Court hereby affirms its determinations in the Preliminary Approval Order and certifies, for the purposes of settlement only, the following Settlement Class for both Settlements:

> All persons and entities residing in the United States who made retail purchases of disposable contact lenses manufactured by Alcon, JJVC, CVI, or B&L during the Settlement Class Period for their own use and not for resale, where the prices for such contact lenses were subject to a "Unilateral Pricing Policy" and the purchase occurred during the period when the Unilateral Pricing Policy was in effect. Excluded from the Settlement Class are any purchases from 1-800 Contacts of disposable contact lenses subject to B&L's Unilateral Pricing Policy, where the purchase occurred on or after July 1, 2015. Also excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any alleged co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

7. The Court finds that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied solely for settlement purposes, as follows:

    a. Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class Members are so numerous that their joinder before the Court would be impracticable.

    b. Pursuant to Rule 23(a)(2), the Court determines that there are one or more questions of fact or law common to the Settlement Class.

    c. Pursuant to Rule 23(a)(3), the Court determines that Plaintiffs' claims are typical of the claims of the Settlement Class.

d.  Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Plaintiffs are certified as class representatives.

e.  Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members of the Settlement Class.

f.  Also pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this Action with respect to the Settlement Class.

8. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Class Counsel are certified as settlement class counsel for the Settlement Class.

9. **Notice** – The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constitutes the best notice practicable under the circumstances; (c) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Classes of (i) the pendency of the Action; (ii) the effect of the Settlement Agreements (including the Releases to be provided thereunder); (iii) Class Counsel's possible motion for an award of attorneys' fees and reimbursement of expenses; (iv) the right to object to any aspect of the Settlement Agreements, the Plan of Distribution, and/or Class Counsel's motion for attorneys' fees and reimbursement of expenses; (v) the right to opt out of the Settlement Classes; and (vi) the right to appear at the Fairness Hearing; (d)

constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement Agreements; and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).

I. **FINAL APPROVAL OF SETTLEMENT AGREEMENTS**

10. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlement Agreements in all respects (including, without limitation: the Settlement Funds amount; the releases; and the dismissal with prejudice of the claims asserted against Alcon and JJVCI in the Action), and finds that the Settlement Agreements are, in all respects, fair, reasonable, and adequate to the Settlement Class. In reaching this conclusion, the Court considered the factors set forth in Leverso v. Southtrust Bank of Ala. Nat'l Assoc., 18 F.3d 1527, 1530 (11th Cir. 1994). Moreover, the Court concludes as follows:

    a.    the Settlement Agreements were fairly and honestly negotiated by counsel with significant experience litigating class actions and are the result of vigorous arm's-length negotiations undertaken in good faith;

    b.    the Action involves contested issues of law and fact, such that the value of an immediate monetary recovery outweighs the possibility of future relief after trial and appeal;

    c.    success in antitrust class actions such as this one is inherently uncertain, and there is no guarantee that trial and appeal would

yield a superior result; and

  d. the Court agrees with Class Counsel's judgment that the Settlement Agreements are fair and reasonable for the reasons stated in the record on file.

11. **<u>Dismissal of the Action and Release</u>** – Except as to any claim of those Persons (identified in <u>Exhibit A</u> attached hereto) who have validly and timely requested exclusion from the Settlement Classes ("Opt-Outs"), the Court orders that the Action and all claims contained therein, as well as all of the Released Claims against any of the Released Parties by Plaintiffs, Settlement Class Members, and Releasing Parties are each hereby dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreements.

12. The Opt-Outs identified in <u>Exhibit A</u> are excluded from the Alcon and/or JJVCI Settlement Classes pursuant to properly made requests, are not bound by the Settlement Agreements, or this Final Order and Judgment, and may not make any claim or receive any benefit from the Settlement Agreements, whether monetary or otherwise.

13. The releases set forth in the Settlement Agreements, together with the Definitions contained in the Settlement Agreements relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Effective Date.

14. Upon the Effective Date, each of the Released Parties: (a) shall be deemed to have, and by operation of this Final Order and Judgment shall have fully, finally, and forever waived, released, relinquished, and discharged (i) Plaintiffs, Lead

Counsel, and each and all Settlement Class Members from each and every one of the Settling Defendants' claims, and (ii) any rights to the protections afforded under California Civil Code §1542 and/or any other similar, comparable, or equivalent laws; (b) shall forever be enjoined from prosecuting the Settling Defendants' claims; and (c) agrees and covenants not to sue on the basis of any Settling Defendants' claims, or to assist any third party in commencing or maintaining any such suit related to any Settling Defendants' claims.

15. Upon the Effective Date, each of the Releasing Parties: (a) shall be deemed to have, and by operation of this Final Order and Judgment, shall have fully, finally, and forever waived, released, relinquished, and discharged (i) all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim and release form, and (ii) any rights to the protections afforded under California Civil Code §1542 and/or any other similar, comparable, or equivalent laws; (b) shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; and (c) agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

16. Upon the Effective Date, claims against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid in the Action by way of settlement, judgment, or otherwise, are barred.

17. This Final Order and Judgment shall not affect, in any way, the right of

Plaintiffs, Settlement Class Members, or Releasing Parties to pursue claims, if any, outside the scope of the Released Claims.

18. Nothing in this Final Order and Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreements or this Final Order and Judgment.

19. **No Admission** – Neither the Settlement Agreements nor the settlements contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreements or the settlements contained therein: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Settlement Agreements may be filed in an action to enforce or interpret the terms of the Settlement Agreements, the settlements contained therein, and any other documents executed in connection with the performance of the agreement embodied therein. The Released Parties may file the Settlement Agreements and/or this Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## II. OTHER PROVISIONS

20. The Court approves of Plaintiffs' designated Claims Administrator, Epiq Class Action & Claims Solutions, Inc. Absent further order of the Court, the Claims Administrator shall have such duties and responsibilities as are set forth in the Settlement Agreements.

21. The Court approves of Plaintiffs' designation of Huntington National Bank as Escrow Agent. Absent further order of the Court, the Escrow Agent shall maintain the Escrow Accounts at Huntington National Bank and have such duties and responsibilities in such capacity as are set forth in the Settlement Agreements.

22. The Claims Administrator may process claims received by the Claims Administrator on or before September 19, 2022.

23. The Court's certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any non-settling defendant to contest certification of any non-settlement class proposed in this Action. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any non-settlement class in this Action; and no party may cite or refer to the Court's approval of any Settlement Class as persuasive or binding authority with respect to any motion to certify any non-settlement class or any other dispositive motion filed by a non-settling defendant. Nor shall such approval prejudice any rights, claims, or defenses of any non-settling defendant.

24. All members of the Settlement Classes shall be bound by all determinations and judgments in the Action concerning the settlements set forth in the

Settlement Agreements, whether favorable or unfavorable to the Settlement Classes.

25. Any member of the Settlement Classes may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any member of the Settlement Classes who does not enter an appearance will be represented by Lead Counsel.

26. A separate order shall be entered regarding awarding attorneys' fees and litigation costs. Such an order shall in no way disturb or affect this Final Order and Judgment and shall not affect or delay the Effective Date of the Settlements.

27. There is no just reason for delay in the entry of this Final Order and Judgment, and immediate entry by the Clerk of the Court is expressly directed.

**DONE AND ENTERED** in Jacksonville, Florida this 12 day of October 2022.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record